**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DANNY LEE JOHNSON,     )
             )
    Petitioner     )
             )
  v.          )  Civil Action No. 1:25-cv-04310 (UNA)
             )
JOHNATHAN C. MINER,    )
             )
             )
    Respondent.    )

**<u>Memorandum Opinion</u>**

In January 2007, the U.S. District Court for the Middle District of Pennsylvania transferred this matter to this District. ECF No. 4.  For reasons unknown to this Court, the matter was not actually transferred to this District until December 2025. ECF No. 5.  On February 4, 2026, Petitioner filed a motion to amend his existing petition. ECF No. 6.  Upon review, the motion to amend the petition is granted, the relief sought in the amended petition is denied, and this matter is dismissed without prejudice.

Petitioner challenges his 1996 conviction, alleging that he did not "waive his constitutional right to be indicted," and contending that an additional bank theft charge was added without fair notice and despite evidence to the contrary.  *See id.* at 2.  Petitioner has since been released from custody, but is currently on probation, and he alleges that his current probation order is unlawful because it arises from underlying unconstitutional conviction.  *See id.* at 3.  He asks this Court to review decisions of the D.C. Court of Appeals, arguing that it "committed grave error in failing to rule that [Superior Court] Rule 11 was violated upon determining that a constructive amendment occurred," and it further "erred in ruling" that the new charge was not a "constructive amendment."

*See id*. at 1–2 (citing *Johnson v. United States*, 812 A.2d 234 (D.C. 2002). He further seeks "termination of probation, and vacation of the illegal convictions/sentences." *Id.* at 3.

First, this Court lacks jurisdiction to review or enjoin decisions of the D.C. Superior Court or the D.C. Court of Appeals. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Insofar as Petitioner seeks review of the determinations of the D.C. Superior Court, including his probation order, that is the province of the D.C. Court of Appeals, and insofar as he seeks review of the determinations of the D.C. Court of Appeals, that is the province of the U.S. Supreme Court.

Second, D.C. Code § 23-110, in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). A petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). This local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009). And lack of success in previous attempts to attack a conviction and sentence does not, by itself, render § 23-110 "inadequate" or "ineffective." *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Here, Petitioner has not stated,

let alone shown, that his local remedy is inadequate to address his grounds for relief as to his conviction and sentence in D.C. Superior Court.

For these reasons, this habeas action is dismissed without prejudice for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  A separate order accompanies this opinion.


Date:   April 2, 2026                                   /s/_____

AMIR H. ALI
*United States District Judge*